United States of America,

      *Plaintiff,*

      v.

Jerry Louis Thomas Mitchell

      *Defendant.*

Case No. CR 18-13-EMC

STIPULATED ORDER EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT

**FILED**

JAN 18 2018

For the reasons stated by the parties on the record on January 18, 2018, the Court excludes time under the Speedy Trial Act from January 18, 2018 to 2/9/18, 2018 and finds that the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court makes this finding and bases this continuance on the following factor(s):

\_\_\_\_ Failure to grant a continuance would be likely to result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

\_\_\_\_ The case is so unusual or so complex, due to *[check applicable reasons]* \_\_\_\_ the number of defendants, \_\_\_\_\_ the nature of the prosecution, or \_\_\_\_\_ the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by this section. *See* 18 U.S.C. § 3161(h)(7)(B)(ii).

\_\_\_\_ Failure to grant a continuance would deny the defendant reasonable time to obtain counsel, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

\_\_\_\_ Failure to grant a continuance would unreasonably deny the defendant continuity of counsel, given counsel's other scheduled case commitments, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

✓ Failure to grant a continuance would unreasonably deny the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

**IT IS SO ORDERED.**

DATED: 1-18-18

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

STIPULATED: _____

    Attorney for Defendant           Assistant United States Attorney